# IN THE COURT OF APPEALS OF IOWA

No. 16-1177
Filed September 28, 2016

**IN THE INTEREST OF A.B.,**
**Minor Child,**

**J.B., Father,**
    Appellant.

_____

Appeal from the Iowa District Court for Johnson County, Deborah Farmer Minot, District Associate Judge.

A father appeals from the adjudicatory and dispositional orders in a child-in-need-of-assistance proceeding. **AFFIRMED.**

James L. Sines of Ackley, Kopecky & Kingery, L.L.P., Cedar Rapids, for appellant.

Thomas J. Miller, Attorney General, and Kathrine S. Miller-Todd and Mary A. Triick, Assistant Attorneys General, for appellee State.

Derek E. Johnson, Iowa City, for appellee mother.

Anthony A. Haughton of Linn County Advocate, Inc., Cedar Rapids, attorney and guardian ad litem for minor child.

Considered by Danilson, C.J., and Mullins and Bower, JJ.

**MULLINS, Judge.**

The father of A.B., age three, appeals from the adjudicatory and dispositional orders in a child-in-need-of-assistance (CINA) proceeding. He argues the State failed to prove by clear and convincing evidence A.B. had been, or was imminently likely to be, sexually abused by her father to support an adjudication under Iowa Code section 232.2(6)(d) (2015).[1] We affirm.

"We review CINA proceedings de novo." *In re J.S.*, 846 N.W.2d 36, 40 (Iowa 2014). "In reviewing the proceedings, we are not bound by the juvenile court's fact findings; however, we do give them weight." *Id.* "Our primary concern is the child[]'s best interests." *Id.* "CINA determinations must be based upon clear and convincing evidence." *Id.* Evidence is "clear and convincing 'when there are no "serious or substantial doubts as to the correctness [of] conclusions of law drawn from the evidence."'" *In re M.W.*, 876 N.W.2d 212, 219 (Iowa 2016) (alteration in original) (citation omitted).

In its adjudicatory order, the juvenile court discussed at length the allegations of sexual abuse of the child by her father. The court noted, "[A.B.] has had ongoing issues with constipation resulting in episodic pain or discomfort and requiring treatment with laxatives" and found "[c]omments [by the child] about being tickled or spanked may reflect routine parent-child interactions." The court also noted it "gave careful and serious consideration" to the father's claim the mother had "prompted or coached" the child to make the allegations of sexual

---

[1] The juvenile court adjudicated A.B. CINA pursuant to Iowa Code section 232.2(6)(c)(2) and (6)(d). Both parents stipulated to the CINA adjudication under section 232.2(6)(c)(2); neither parent appeals the adjudication on this ground. The mother and guardian ad litem also stipulated A.B. is in need of assistance pursuant to section 232.2(6)(d); only the father appeals.

abuse and determined that, although the mother "has exaggerated and manipulated facts to gain an advantage in the custody case" and "has been vindictive toward [the father] at times," the father was not "blameless" and "has behaved in kind toward [the mother]."

Nevertheless, the court concluded the child's demeanor and description of how her father had touched her genitals was "credible and convincing" and found the child had been sexually abused by the father.[2]  The court further found the child was at risk of future sexual abuse by the father because "[h]e already sexually abused her at least once; he has not acknowledged the abuse; he has a history of sexual abuse of a young female child when he was functioning as a caretaker and father-figure for this child;[3] and he was himself a victim of child sexual abuse."  The court also found "it was apparent [from his testimony] that [the father] retained little or nothing from two years of outpatient sex-offender treatment."  Finally, the court noted the father "has continued to drink alcohol, as evidenced by at least three alcohol-related convictions after being discharged from probation, despite acknowledging that alcohol was a 'trigger' for the sexual abuse in 2006."

At the dispositional hearing, all parties agreed with the recommendations that A.B. should remain in the custody of her mother and the case permanency plan should be adopted.

---

[2] In the video interview the child demonstrated how her father had touched her "part that goes pee" with his fingers.

[3] The father was accused of sexual abuse in 2006 after his then-girlfriend's daughter disclosed the abuse to her school principal.  The father confessed to the abuse and later pled guilty to Indecent Contact with a Child.  The father received a deferred judgment and two years of probation.  He successfully completed all requirements of probation, including outpatient sex-offender treatment, and complied with the requirements of the sex-offender registry.

Upon our de novo review of the record, we find clear and convincing evidence exists A.B. has been, or is imminently likely to be, sexually abused by her father. Accordingly, we affirm the juvenile court's adjudicatory and dispositional orders without further opinion pursuant to Iowa Court Rule 21.26(1)(a), (d), and (e).

**AFFIRMED.**